(85 Misc. Rep. 444)

DRESSLER v. McARDLE et al.

(Supreme Court, Appellate Term, First Department.　May 21, 1914.)

CORPORATIONS (§ 423*)—LIABILITY FOR ACTS OF MEMBERS—TORTS.

The fact that a taxicab owners' association, which was a membership corporation, permitted its members to affix its initials or name to their cabs is not a representation that the association owned or operated the cabs and does not render it liable for the torts of such members.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695; Dec. Dig. § 423.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Adolph Dressler against Thomas McArdle and the Independent Taxi Owners' Association. Judgment for the plaintiff, and defendants appeal. Reversed, and complaint dismissed as to the defendant corporation, and affirmed as to the defendant McArdle.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Thompson, Warren & Pelgram, of New York City (Moses Allen Warren, of New York City, of counsel), for appellants.

Samuel Langfur, of Brooklyn, for respondent.

GUY, J. This action, to recover for personal injuries sustained from being run down by a taxicab, is brought against the individual owner thereof as well as against the Independent Taxi Owners' Association, a membership corporation of which the taxicab owner was a member.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is abundant evidence to sustain the judgment against the individual defendant McArdle. As to the defendant corporation, the evidence shows it is a membership corporation composed of the owners of taxicabs. The fact that it permits its members to affix its initials and name to their cabs is not a representation that it owns or operates the cabs of its members, and no more establishes liability for their tortious acts than would the permitted use of the flag or emblem of a yacht club or university create liability for the acts of members using such emblems.

Judgment reversed, and complaint dismissed, with costs to defendant corporation; judgment affirmed, with costs, as to defendant McArdle. All concur.